IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILIAMS, | No. C 10-4277 WHA (PR) |
| Petitioner, | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DIRECTING PETITIONER TO MAKE ELECTION; DENYING MOTION FOR STAY** |
| v. | |
| MATTHEW CATE, | |
| Respondent. | |
| | (Docket Nos. 9 & 11) |

## INTRODUCTION

This is a habeas case filed pro se by a state prisoner. Respondent has responded to the order to show cause with a motion to dismiss the petition as a "mixed" petition containing both exhausted and unexhausted claim. Petitioner has not filed an opposition, but has rather filed a motion to file "amended and supplemental info," in which he requests that this case be stayed while he exhausts additional claims. Respondent has filed a reply brief. For the reasons discussed below, the motion to dismiss the petition

## STATEMENT

Pursuant to a conviction in 2007 in Santa Clara County Superior Court, petitioner was sentenced to a term of 45 years to life plus 12 years in state prison. The California Court of Appeal affirmed the judgment, and the California Supreme Court denied a petition for review. Petitioner filed unsuccessful habeas petitions in the superior court and the California Court of Appeal, but he did not file a habeas petition in the California Supreme Court.

## ANALYSIS

Petitioner presents four claims in his petition: (1) he received ineffective assistance of counsel at trial; (2) he was unable to present evidence challenging the credibility of the victim, in violation of his right to present favorable evidence and to confront adverse witnesses; (3) he did not receive a fair trial because of the exclusion of evidence challenging the testimony of an expert witness; and (4) the trial court "abused its discretion" by not allowing the defense to present evidence that the expert was biased. Respondent was ordered to show cause on these issues, and was permitted to address claims three and four jointly as they are related.

Respondent argues that petitioner has not exhausted the first, third and fourth claims. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).

Here, petitioner presented claims in the California Supreme Court only in his petition for direct review; he did not file a habeas petition there. His petition for direct review did not raise his first claim, of ineffective assistance of counsel, but did include his second claim regarding the presentation of evidence of the victim. The petition for direct review does include a claim that addresses the issues raised in the third and fourth claims herein, but the petition only asserts a violation of state law, not of federal law. As such, it does not exhaust the third and fourth claims. *See Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc) (claim is "fairly presented" for purposes of exhaustion only if petitioner either referenced specific provisions of federal constitution or federal statutes, or cited to federal or state case law analyzing federal issue). Petitioner does not dispute any of the foregoing, or indeed that his first, third and fourth claims are unexhausted.

Where, as here, a petition combines exhausted and unexhausted claims, it may be (1) dismissed outright, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), *Guizar v. Estelle*, 843 F.2d 371,

2

372 (9th Cir. 1988); (2) dismissed with leave to amend to delete the unexhausted claims and proceed with only the exhausted claims, *Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000); or (3) it may be stayed to allow the petitioner to return to state court to exhaust the unexhausted issue or issues, *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

In his motion responding to the motion to dismiss, petitioner requests a stay so that he can exhaust his unexhausted claims in the California Supreme Court. In order to obtain a stay, a petitioner must show good cause for his failure to exhaust the claim before filing the petition, and that the claim is "potentially meritorious." *Id.* at 277. Petitioner asserts that the reason he did not exhaust his claims earlier was because he does not have legal training and he was relying on his appointed counsel on direct appeal and an inmate assistant to file his state habeas petitions, both of whom neglected to raise these claims in the California Supreme Court. Counsel's failure to include claims on appeal in the state courts does not establish "good cause" to grant a pro se petitioner's request to stay a mixed federal petition under *Rhines*, however. *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). Petitioner's incorrect "impression" that the claims had been raised does not alter this conclusion. *Ibid.* (upholding denial of stay because petitioner's incorrect "impression" that counsel had raised claims to the California Supreme Court on direct appeal did not establish good cause under *Rhines* for failure to exhaust claims earlier). As petitioner has not established good cause for failing to exhaust his first, third and fourth claims prior to filing the instant petition, he is not entitled to a stay of the instant petition in order to exhaust them.

Petitioner also requests a stay in order to exhaust a new claim -- that he has new evidence establishing his innocence of the charges. Such a claim is not "potentially meritorious" under *Rhines*, however. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). Although the Ninth Circuit has twice assumed that a claim of actual innocence is cognizable in a non-capital habeas case, it has not actually found such a claim is cognizable in a non-capital habeas case under 28 U.S.C. 2254. *See Osborne v. District*

1  *Attorney's Office*, 521 F.3d 1118, 1130-31 (9th Cir. 2008), *rev'd and remanded on the grounds*,
2  129 S. Ct. 2308 (2009); *United States v. Berry*, 624 F.3d 1031, 1038 n.5 (9th Cir. 2010) (noting
3  that Ninth Circuit "recognizes a claim of actual innocence that is cognizable under [28 U.S.C.] §
4  2255"). In any event, federal habeas relief must be based upon federal law that is clearly
5  established by the United States Supreme Court, and may not be premised only upon law
6  decided by the circuit courts. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362,
7  412. As the Supreme Court has decided that a claim of innocence based on new evidence has
8  not been recognized as a basis of federal habeas relief, under *Rhines*, he may not obtain a stay in
9  order to exhaust such a claim.

## CONCLUSION

1.  Respondent's motion to dismiss (document number 9) is **GRANTED**. Petitioner's motion seeking a stay (document number 11) is **DENIED**.

2.  Petitioner may chose from two possible courses of action.

    a.  First he may file a notice that he wants to dismiss this case, so that he can exhaust his unexhausted claims and then later file a new federal petition. He is cautioned that this option is more apparent than real, because any subsequent federal petition would almost certainly be barred by the statute of limitations. *See* 28 U.S.C. 2244.

    b.  Alternatively, he may file an amended petition deleting the three unexhausted claims (one, three and four) and asserting only the exhausted claim (two).[1] He is cautioned that if he chooses this option he probably will not be able to file a future federal petition containing the three unexhausted claims because second federal petitions are generally barred by 28 U.S.C. 2244(b)(2). If he does choose this option, the amended petition must be on the court's form for prisoner Section 2254 petitions and must include the caption and civil case number used in this order (No. C 10-4277 WHA (PR)) and the words AMENDED PETITION on the first page.

3.  Petitioner must elect one of the two choices set out above **within thirty days of**

---

[1] If he chooses this option he probably will not be able to file a future federal petition containing the plea bargain issue, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

4

1 **the date this order is filed**.  If he does not, this case will be dismissed without prejudice.

2 **IT IS SO ORDERED.**

4 Dated: June ___13___, 2011.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

11 G:\PRO-SE\WHA\HC.10\WILLIAMS4277.MTDMIX.wpd