United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WILIAMS, | No. C 10-4277 WHA (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| MATTHEW CATE, | |
| Respondent. | |

## INTRODUCTION

This is a habeas case filed pro se by a state prisoner. The petition includes four claims. On June 16, 2011, respondent's motion to dismiss the petition as a "mixed" petition containing both exhausted and unexhausted claims was granted because only the second claim was exhausted. In the same order, petitioner's motion to stay the petition to allow him to exhaust his unexhausted claims in state court was denied because petitioner did not show good cause for his failure to exhaust the claims earlier. *See Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Petitioner was ordered to elect between two courses of action within thirty days, and he was cautioned that his failure to do so would result in the dismissal of this action without prejudice. On July 18, 2011, petitioner filed a "petition for election." For the reasons discussed below, this case is **DISMISSED** without prejudice.

## ANALYSIS

As noted, petitioner presents four claims in his petition: (1) he received ineffective

1  assistance of counsel at trial; (2) he was unable to present evidence challenging the credibility
2  of the victim, in violation of his right to present favorable evidence and to confront adverse
3  witnesses; (3) he did not receive a fair trial because of the exclusion of evidence challenging the
4  testimony of an expert witness; and (4) the trial court "abused its discretion" by not allowing the
5  defense to present evidence that the expert was biased.

6  The petition contains one exhausted claim (claim two) and three unexhausted claims
7  (claims one, three and four). As petitioner did not make the necessary showing for a stay, he
8  was informed that he was left with the following two options: (1) file a notice that he wants to
9  dismiss this case, which dismissal would be without prejudice to filing a new federal petition
10  after he has exhaust his unexhausted claims; or (2) file an amended petition deleting the three
11  unexhausted claims and asserting only the exhausted claim. Petitioner was also informed that if
12  he chose the second option – i.e. to file an amended petition – he must do so on the court's
13  "form for prisoner Section 2254 petitions and must include the caption and civil case number
14  used in this order (No. C 10-4277 WHA (PR)) and the words AMENDED PETITION on the
15  first page."

16  Petitioner has filed a document entitled "petition for election" in which he seeks to keep
17  his first and second claims and to later bring his third and fourth claims back into federal court
18  after he has exhausted them in state court (Pet. for Election 3:9-13). This is not one of
19  petitioner's options because his first claim is not exhausted and therefore may not remain in his
20  federal petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Guizar v. Estelle*, 843 F.2d 371,
21  372 (9th Cir. 1988).

22  Petitioner has not elected either of the two options available to him. He has not
23  indicated that he wants to dismiss the instant petition and file a new federal petition at a later
24  date. He has also not followed not filed an amended petition, on the court's form for federal
25  habeas petitions, with all of the unexhausted claims deleted. The "petition for election" filed by
26  petitioner is not an amended petition filed on the court's form petition, and, more importantly, it
27  does not delete all of the unexhausted claims insofar as it seeks to keep his unexhausted first
28  claim.

2

Petitioner was cautioned that this case would be dismissed if he did not elect one of the two options available to him.  As he has failed to properly elect one of those options, this case will be dismissed without prejudice to petitioner filing a new federal petition containing only unexhausted claims.

**CONCLUSION**

For the foregoing reasons, this case is **DISMISSED** without prejudice to filing a new federal petition containing only exhausted claims.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: August __11__, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.10\WILLIAMS4277.DSM.wpd

3